UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                                                                        MDL No. 2327

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the six actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2327. Responding defendants Johnson & Johnson and Ethicon, Inc. (collectively, Ethicon) oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2327. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that Ethicon and related entities defectively designed, manufactured, and marketed pelvic surgical mesh products, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motions to vacate, plaintiffs argue that their actions were improperly removed and motions to remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*]      Judge Charles R. Breyer took no part in the decision of this matter.

[1]      Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. Indeed, the Southern District of Texas recently denied the *Locke* plaintiffs' motion to remand.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

                            PANEL ON MULTIDISTRICT LITIGATION

                            _____
                                       Sarah S. Vance
                                         Chair

Marjorie O. Rendell                    Lewis A. Kaplan
Ellen Segal Huvelle                   R. David Proctor
Catherine D. Perry

A TRUE COPY CERTIFIED ON
12/12/2014
[Date]
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By /s/ Tina Smith  Deputy

**IN RE: ETHICON, INC., PELVIC**
**REPAIR SYSTEM PRODUCTS**
**LIABILITY LITIGATION** MDL No. 2327

## SCHEDULE A

<u>Eastern District of Missouri</u>

GEEL, ET AL. v. ETHICON, INC., ET AL., C.A. No. 4:14‑01397
MILLER, ET AL. v. ETHICON, INC., ET AL., C.A. No. 4:14‑01403

<u>District of New Mexico</u>

TORRES, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:14‑00743

<u>Eastern District of Texas</u>

BRAGG, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 6:14‑00719

<u>Northern District of Texas</u>

EVANS, ET AL. v. ETHICON, INC., ET AL., C.A. No. 3:14‑03062

<u>Southern District of Texas</u>

LOCKE, ET AL. v. ETHICON, INC., ET AL., C.A. No. 4:14‑02648